Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VII

| | | |
|---|---|---|
| LANDA, UMPIERRE & CO., P.S.C.<br><br>Recurrida<br><br>v.<br><br>ELADIO LÓPEZ REYES, ET ALS<br><br>Peticionaria | KLCE202400292 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.<br>D CD2009-2859 (401)<br><br>Sobre:<br>COBRO DE DINERO, EJECUCIÓN DE HIPOTECA, ACCIÓN CIVIL |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Grana Martínez, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 22 de abril de 2024.

La parte peticionaria, Eladio López Reyes y Ancarlos Brothers, Inc., comparece ante nos para que dejemos sin efecto la determinación del Tribunal de Primera Instancia, Sala de Bayamón, notificada el 12 de enero de 2024. Mediante la misma, el foro primario declaró *No Ha Lugar* una solicitud de relevo de sentencia promovida por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso por falta de jurisdicción.

**I.**

El 18 de diciembre de 2023, los aquí peticionarios presentaron una solicitud de *Relevo de sentencia bajo la Regla 49.2 por falta de partes indispensables*. Solicitaban el relevo sobre una sentencia emitida en contra de la peticionaria del 16 de mayo de 2012. En esa ocasión, el Tribunal de Primera Instancia había resuelto a favor de la parte recurrida en un pleito de Cobro de Dinero y Ejecución de Hipoteca, que giraba en torno a la deuda garantizada en pagaré.[1]

---

[1] Recurso de *Certiorari*, Apéndice, págs. 47-52.

Número Identificador

RES2024_____

La peticionaria arguye que, en otro pleito posterior al del 2012 relacionado al mismo pagaré, se demostró que había sido endosado a la orden de Juan Antonio Ortiz Martínez e Israel Umpierre Amy. Demostrando que Landa Umpierre & Co., la recurrida, no es la tenedora del pagaré en cuestión. Por lo tanto, a su consideración, Israel Umpierre y Juan Antonio Ortiz eran parte indispensable en el pleito de *Landa Umpierre v. Eladio López Reyes,* en el que se exigía la ejecución de una hipoteca garantizada por dicho pagaré.[2]

El 12 de enero de 2024, el foro primario notificó su *Resolución,* en la que declaró *No Ha Lugar* la moción de relevo de sentencia.[3] Así las cosas, la parte peticionaria presentó moción de reconsideración el 26 de enero de 2024 al amparo de la Regla 47 de Procedimiento Civil.[4] No obstante, y según se desprende de la documentación presentada, la peticionaria no notificó a la recurrida la presentación de la reconsideración. Dicha notificación fue enviada al correo de jgb@jbbarea.com y no a la dirección correcta, jgb@jgbarea.com.[5]

El 8 de febrero de 2024, el foro *a quo* notificó *No Ha Lugar* a la reconsideración. Inconforme, la peticionaria acude ante nosotros para que revoquemos la determinación del Tribunal de Primera Instancia y, consecuentemente, declaremos la nulidad de la Sentencia anterior.[6]

El 21 de marzo de 2024, la recurrida presentó *Moción de desestimación por falta de jurisdicción sobre la materia a tenor con las disposiciones de la Regla 83*. En la misma argumentan que el término para ir en alzada no se vio interrumpido con la presentación de la reconsideración y, por lo tanto, comenzó a correr desde el 12 de enero de 2024 y no desde el 8 de febrero de 2024.[7]

---

[2] *Íd.*

[3] *Íd.*, págs. 53-55.

[4] *Íd*, págs. 56-60.

[5] Véase, Anejos 1 y 2 de la *Oposición a: Moción de Desestimación*, págs. 1-2; *Moción de desestimación por falta de jurisdicción sobre la materia a tenor con las disposiciones de la Regla 83*, págs. 1-3.

[6] Véase, recurso de *certiorari*, págs. 1-13.

[7] Véase, *Moción de desestimación por falta de jurisdicción sobre la materia a tenor con las disposiciones de la Regla 83.*

Por otro lado, la peticionaria presentó *Oposición a: Moción de desestimación.* En la misma expuso que el error en la notificación se debió a un error humano que, aunque en un principio rebotó el correo, eventualmente, parecía haberse enviado. Añadió que el abogado tuvo una intervención médica y, por lo tanto, delegó la tarea sobre la Asistente Administrativo.[8]

Con la comparecencia de ambas partes, procedemos a expresarnos.

**II.**

**A.**

La jurisdicción se define como el poder o autoridad del cual dispone un tribunal para atender y adjudicar casos o controversias. *FCPR v. ELA et al.,* 211 DPR 521, 529 (2023); *Adm. Terrenos v. Ponce Bayland,* 207 DPR 586, 600 (2021); *SLG. Solá Moreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011). Es premisa cardinal en nuestro estado de derecho que los tribunales de justicia deben ser celosos guardianes de su jurisdicción, estando obligados a considerar tal asunto aún en defecto de señalamiento del mismo. De ahí que las cuestiones relativas a la jurisdicción son de carácter privilegiado y las mismas deben resolverse con preferencia a cualesquiera otras. *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018); *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 297 (2016); *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014). La falta de jurisdicción no es susceptible de ser subsanada y, ante lo determinante de este aspecto, el mismo puede considerarse, incluso, *motu proprio. Mun. de San Sebastián v. QMC Telecom,* supra.

En el anterior contexto y relativo a la causa que nos ocupa, la doctrina vigente establece que un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción, por lo que, de cumplirse esta instancia, el mismo carece de eficacia jurídica. *Báez Figueroa v. Adm. Corrección,* 209 DPR 288, 299 (2022).

---

[8] Véase, *Oposición a: Moción de desestimación.*

**B.**

Por su parte, La *moción de reconsideración* constituye el mecanismo procesal que facilita al juzgador de hechos reexaminar su proceder en cuanto a una controversia sometida a su escrutinio para que, en determinado período, resuelva si es meritorio que sea enmendado o que quede sujeto a una mayor evaluación. *Caro v. Cardona*, 158 DPR 592, 597 (2003). De este modo, los foros judiciales tienen la facultad de reconsiderar sus dictámenes, siempre que ostenten jurisdicción sobre el caso. *Div. Empleados Públicos UGT v. CEMPR,* 2023 TSPR 107, 212 DPR ___ (2023).

A tenor con la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, la parte adversamente afectada por una *orden* o *resolución* emitida por el Tribunal de Primera Instancia puede servirse del término de quince (15) días desde la fecha de notificación de la misma, para solicitar su correspondiente reconsideración, mediante moción a tal fin. El referido plazo es uno de cumplimiento estricto. Ahora bien, en cuanto a la implicación procesal de una oportuna moción de reconsideración, el referido estatuto dispone como sigue:

> […]
>
> Una vez presentada la moción de reconsideración, **quedarán interrumpidos los términos para recurrir en alzada para todas las partes.** Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.
>
> […]
>
> 32 LPRA Ap. V, R. 47. (Énfasis nuestro.)

Bajo el esquema de las Reglas de Procedimiento Civil, la paralización es automática desde la presentación de la moción, "siempre y cuando se cumpla con los requisitos de fondo expuestos en la regla". Informe de Reglas de Procedimiento Civil de marzo de 2008, Secretariado de la Conferencia Judicial y Notarial, pág. 551. Esto se debe a que la propia regla dispone que "[l]a moción de reconsideración que no cumpla con las especificidades de esta regla será declarada 'sin lugar' y se entenderá que no ha interrumpido el término para recurrir". Regla 47 de Procedimiento Civil, *supra.*

Por lo tanto, el "efecto interruptor no opera de manera aislada". *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 167 (2016). La interrupción está condicionada a que el Tribunal de Instancia pase juicio de si la moción cumplió con las exigencias de la Regla 47 de Procedimiento Civil, *supra.* R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. Lexis-Nexis, 2017, pág. 443. En síntesis, aun cuando se presente una moción de reconsideración a tiempo, esta no tendrá el efecto de paralizar los términos si se incumple con la Regla 47 de Procedimiento Civil, *supra.* Entre las exigencias de la Regla 47 de Procedimiento Civil, *supra,* se encuentra el antes discutido requisito de notificar a las demás partes de la presentación de la moción de reconsideración.

**C.**

Por último, sobre la notificación adecuada y los errores en la misma a través de medios electrónicos, el Tribunal Supremo de Puerto Rico ha dicho que, aun cuando se permite la notificación por medios electrónicos y se adapta a los avances tecnológicos, recae en los abogados asegurar haber efectivamente enviado la copia a la otra parte. *Div. Empleados Públicos UGT v. CEMPR,* supra.

**III.**

La parte peticionaria recurre de una *Resolución* notificada el 12 de enero de 2024, mediante la cual se denegó una solicitud de relevo de sentencia. Respecto a la denegación de esta, presentó una solicitud de reconsideración que, ciertamente no tuvo un efecto interruptor sobre los procedimientos. El foro primario atendió dicha petición y la declaró *No Ha Lugar* mediante *Resolución* notificada el 8 de febrero de 2024.

Reiteramos que la presentación de una moción de reconsideración, cuando es oportuna y cumple con las exigencias legales pertinentes, tiene el efecto de interrumpir el término legal y reglamentario aplicable para acudir en alzada, no así si la notificación a la otra parte no es adecuada. En el caso de autos, los términos para acudir en alzada no fueron interrumpidos con la presentación de la reconsideración.

El efecto interruptor de la notificación de una resolución a la reconsideración es una extensión al de la interrupción con la presentación. De manera que, si se incumple con las formalidades en ley para la presentación, nunca surte el efecto interruptor y éste no pude subsanarse con la notificación de la resolución.

Es decir, aun cuando el tribunal primario adjudicó la referida solicitud de reconsideración, el término para acudir ante nos no había sido interrumpido por la presentación de ésta. De los documentos que obran en autos surge que, la parte peticionaria reconoce la deficiencia en la notificación y, a nuestro entender, no muestra justa causa para que atendamos el recurso tardío. El término para acudir en *certiorari* comenzó a correr el 12 de enero de 2024. Aunque el término se considera de cumplimiento estricto, el perfeccionamiento del mismo está vinculado a la presentación de justa causa, aun antes de que este foro lo solicite.

Sobre la responsabilidad de notificar adecuadamente por los medios electrónicos, el Tribunal Supremo de Puerto Rico ha reiterado que recae en los abogados asegurar haber enviado efectivamente la copia a la otra parte. Un abogado no puede excusarse de haberle delegado la tarea a la secretaria para eximirse de tal responsabilidad.

Por lo tanto, solo podemos proveer para su desestimación por carecer de jurisdicción para acogerlo.

**IV.**

Por los fundamentos que anteceden, se desestima el presente recurso de *certiorari* por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
